HOLDERMAN
*vs*
HOLDERMAN'S
HEIRS, &C.

---

MOTION.

*Case* 88.

*May* 1.

## Holderman *vs* Holderman's Heirs, &c.

### ERROR TO THE GREEN COUNTY COURT.

*Dower. Division of lands. Notice.*

JUDGE BRECK delivered the opinion of the Court.

The limitation to a writ of error to judgment of the County Court, confirming the report of Commissioners to assign dower, &c. commences from the time of the confirmation of the report, and not from the appointment of the Commissioners.

THE order of the County Court confirming the report of the Commissioners, allotting dower to the widow and dividing the estate among the heirs, appears to have been made on the 19th April, 1841, and the writ of error in this case sued out on the 9th April, 1844, which was within the period limited by the statute. There is, therefore, no bar to the writ of error to the judgment of the Court of the 19th April, 1841. It is true the orders of July and December, 1840, appointing Commissioners were made more than three years before suing out the writ of error, but those orders were merely preparatory to the final judgment of the Court, upon the allotment and division, and the periods at which they were made, cannot affect the rights of the parties to an appeal or writ of error from the final judgment.

When this case was formerly before this Court, it was brought up by the heirs to reverse a judgment of the County Court, setting aside the allotment of dower, upon exceptions to it by the widow, (*See* 3 *B. Monroe*, 354.) The judgment of the County Court in that respect, was reversed, not upon the merits, but upon the sole ground, that it was made at a term of the Court, subsequent to that at which the allotment or the report of the Commissioners had been confirmed, and consequently, that the Court had no jurisdiction. This writ of error is prosecuted by Eliza Holderman, one of the heirs, to reverse

the order confirming the allotment and division. It is a separate and distinct judgment, from that reversed by this Court upon the former writ of error. We are of opinion, therefore, that neither of the pleas relied upon by the defendants in error is sustained, and that the question comes up as to the validity of the judgment of the County Court of the 19th April, 1841.

The order of July, 1840, purports to be made "upon the motion of the widow and heirs of Jacob Holderman." It would certainly have been more correct and regular, to have inserted the names of the parties, the widow and heirs, upon whose motion the order was made, although it may not have been essential to its validity.

In that order four persons are appointed Commissioners to allot the dower, and divide the real estate of Jacob Holderman among his heirs. This order is made in compliance with the provision of the statute, (*Stat. Law,* 1071,) and had the Commissioners acted under it, their authority would have been ample and sufficient. But the the commissioners report, that they acted under the order of the Court, made at its December term, 1840, and such in point of fact, was the case. The order of December substituted two persons in place of two of those appointed by the July order, and directed them, with the other two, to make the allotment and division. This order of December, was made on motion of A. W. Holderman, one of the heirs of Jacob Holderman, and was made without notice to the other heirs, or the widow. The statute authorizes the appointmont of Commissioners, upon the application of the widow and heirs, or upon the application of any one of the heirs, provided reasonable notice is given to every other person or persons interested in the partition, of the intended application. The object of the Legislature, in requiring notice to be given, it may be presumed, was to afford all parties in interest, an opportunity to be present and see that competent and impartial persons were appointed Commissioners; that object will be in effect defeated, if at a subsequent term, on motion of one of the heirs, and without notice to the others, a new set of Commissioners can be appointed; for if two of those first appointed can be superseded by

*The statute authorizing the appointment of Comm'rs to allot dower and divide lands by the County Court, requires notice to be given to all persons interested, or of any change made in the Commissioners appointed with notice.*

the appointment of two others, there is no reason why all might not be. The action of the Court in the appointment of Commissioners, is authorized upon the application of all the parties, or of any one, upon notice to all the others. Having made the appointment in this case, upon the application, and by consent of all, we think the Court did not thereby acquire any authority to change the appointment, except by consent of all, or upon notice. The order having been once made, no further action of the Court is provided for or contemplated, till the coming in of the report of the Commissioners. Nor are the parties presumed to be before the Court, as in case of a pending suit, and to have been present when new Commissioners were appointed. The order of December was virtually a new, independent order, not made upon the application of the same parties. The division was made under that order, by the two new Commissioners thereby appointed and one of those appointed by the first order.

The failure of the plaintiff in error to appear and oppose the confirmation of the report, cannot, we think, be regarded as an acquiescence in it. Besides, there is evidence in the record, showing her dissatisfaction shortly after the report came in, but not until it was confirmed.

Upon the whole, we are of opinion, that the County Court erred in the order appointing additional Commissioners at their December term, 1840, and also in the order confirming the report of the Commissioners.

Wherefore said orders are reversed, and the case remanded for further proceedings.

*B. & A. Monroe and Spencer* for plaintiff: *Harlan & Craddock* for defendants.